Wilmot vs. Smith.

---

WILMOT, Respondent, vs. SMITH, Appellant.

*October 17 — November 7, 1893.*

*Service of summons on nonresident by delivery: When complete: Judgment by default: Recital of no answer, when conclusive.*

1. Under sec. 2640, R. S., when the plaintiff avails himself of the option given by an order for service by publication to deliver a copy of the summons and complaint to the defendant personally without the state, such delivery has "the same effect as a completed publication and mailing," and the defendant has but twenty days thereafter in which to plead.

2. A recital in a judgment that "no answer or demurrer has been served or filed herein," is conclusive on appeal, where the record does not show what proofs were made to the court when the judgment was applied for and ordered.

APPEAL from the Circuit Court for *Walworth* County.

This action was brought to quiet title to land, and for an injunction to restrain threatened trespass by defendant on such land. Defendant is not a resident of this state, and personal service of the summons upon him could not be obtained. Plaintiff obtained from the circuit court an order that service be made by publication of the summons, pursuant to sec. 2640, R. S. The procedure prescribed by the statute was complied with. Instead of actual publication of the summons, and the deposit of a copy thereof and of the complaint in

the post office, plaintiff availed himself of the option given by the statute and in the order of publication, and caused such copies to be delivered personally to defendant out of the state. More than twenty days after such copies were so delivered, and less than sixty-two days thereafter, judgment by default was rendered for plaintiff for the relief demanded in the complaint. Defendant appeals from the judgment.

For the appellant there were briefs by *Samuel S. Page* and *D. S. Tullar*, and oral argument by *Mr. Tullar*.

For the respondent there was a brief by *Quarles, Spence & Quarles*, and oral argument by *T. W. Spence*.

LYON, C. J. Numerous purely technical points of practice were argued by counsel for defendant. They were not important, and require no further mention. But two questions require consideration.

1. Was defendant in default for failing to answer or demur to the complaint within twenty days after copies of the summons and complaint were delivered to him out of the state? The circuit court held that he was. His counsel claims that he was not, but was entitled to the full period of six weeks and twenty days additional in which to answer. The statute (sec. 2640) provides that such delivery " shall have the same effect as a completed publication and mailing." The word " completed " first appears in this statute in the Revision of 1878. It has been said that, under the statute as it stood before the revision, it was generally understood by the profession that in such cases the service was not complete until the expiration of six weeks from and after such delivery, and hence the nonresident defendant to whom delivery was made was given such six weeks and twenty days thereafter in which to serve his answer. It is further said, probably correctly, that such is the judicial construction of a statute in New York like

Wilmot vs. Smith.

our statute as it was before the revision. It may not be quite certain that any such general understanding prevailed as to the meaning of our former statute, but, if it did and if that was a correct construction of the statute, it is very clear it is not of the present statute. The term therein, " a *completed* publication and mailing," can have but one signification, which is that, when copies of the summons and complaint are thus delivered to the defendant without the state, the case is in the position it would have been at the termination of six weeks' publication of the summons, had such publication been made; that is, when such delivery is made, the service is completed, and the twenty days' term of the statute commences to run just as it does at the termination of six weeks' publication when no such delivery has been made.

2. In the record returned to this court on the appeal, there is an affidavit of one of the attorneys for the defendant to the effect that at a time specified therein, which was more than twenty days, and less than sixty-two days, after the delivery to defendant of copies of the summons and complaint, the affiant duly served an answer in the action on the attorney for plaintiff by delivering and leaving with him a copy of such answer. Probably, had plaintiff's attorney accepted such answer without objection and retained the same, it would have been a waiver of the default. It is asserted by counsel for plaintiff, and scarcely denied, that he refused to accept such answer, and returned the same within reasonable time. The record, however, does not show the fact. But it is recited in the judgment that " no answer or demurrer has been served or filed herein." There is no bill of exceptions, and the record does not show what proofs were made to the court when the judgment was applied for and ordered. The recital in the judgment is an adjudication that the defendant was in default, and we presume that it rests upon sufficient proofs. We con-

clude that defendant was in default when judgment was ordered and entered, and hence the judgment is not irregular.

*By the Court.*— The judgment of the circuit court is affirmed.